HEDDEN *v.* ISELIN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 14k.   Argued January 7, 1892. — Decided January 26, 1892.

In a suit to recover back customs duties paid under protest, where the only question tried was, whether in re-appraisement proceedings the importer was denied rights secured to him by law; *Held,*

(1) It was proper to admit in evidence a protest filed by the importer with the re-appraisers, as a paper showing what rights the importer claimed, and especially his claim that the merchant appraiser was not qualified;

(2) A motion to direct a verdict for the defendant was properly denied, the court having ruled in accordance with the decision of this court in *Auffmordt* v. *Hedden,* 137 U. S. 310, and having instructed the jury fully and properly, and there being no exception to the charge, and a question proper for the jury.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Maury* for plaintiff in error.

*Mr. Francis Lynde Stetson* for defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action at law, brought in the Supreme Court of the State of New York, in June, 1886, by William E. Iselin, John G. Neeser and Alfred Von Der Muhl, against Edward L. Hedden, collector of the port of New York, and removed by the defendant into the Circuit Court of the United States for the Southern District of New York, to recover the sum of $2124.14, with interest from June 26, 1886, as an alleged excess of customs duties, paid under protest, on the importation of silks by the steamer Normandie, entered June 20, 1885, and of satins composed of cotton and silk, by the steamer Belgenland, entered June 18, 1885. The case was tried before Judge Wheeler and a jury, in December, 1886, and the jury found a verdict for the plaintiffs for $2124.14 on which a judgment was entered for them for that amount and costs, November 5, 1887. To review that judgment, the defendant has brought a writ of error.

On the appraisement of the goods, they had been increased in valuation more than ten per cent above the invoice valuation, and additional duty and a penal duty being imposed in each case, the importers asked for a re-appraisement, pursuant to statute, before the general appraiser and a merchant appraiser.

No question of the classification or rating of the goods imported was presented; but the importers claimed that, in the re-appraisement proceedings, they were denied rights which were secured to them by law. The court remarked, in its charge to the jury: " The only question we have to try is, whether there has been a substantial re-appraisement according to the law and according to the rights of these importers;"

and the court stated the questions which it submitted to the jury as follows: "If the plaintiffs were not cut off from any substantial right and the appraisers followed their own judgment and discretion fairly and really, then return a verdict for defendants. If the appraisers were controlled by some outside influence, so that they didn't act their own judgment, then return a verdict for the plaintiffs. Or, if the plaintiffs were cut off from their fair chance to be there when the appraisal was made, from seeing their goods and pointing out the quality to the appraisers, then return a verdict for the plaintiffs."

The first error alleged by the defendant is that the court erred in admitting, under objection, a paper of protest filed with the re-appraisers during the proceedings in respect to the re-appraisement of the goods imported by the Normandie. A witness, Mr. Barnett, who had represented the plaintiffs in the proceedings and had charge of the two importations throughout testified that, at the time of the re-appraisement, he delivered to Mr. Brower, the general appraiser, a written paper, addressed to the latter and the merchant appraiser, a copy of which appears in the bill of exceptions, stating that the importers demanded to be present during the re-appraisement and to present personally, as well as by their employés and their agents, and also by witnesses desired to be furnished, fully informed upon the subject matter, testimony as to the true dutiable value of the importation by the Normandie, and to have reasonable opportunity to cross-examine witnesses and to test and disprove testimony to be introduced against the correctness of the invoice; and alleging that the merchant appraiser, Mr. Booth, was not qualified to act under the statute. The defendant objected to the admission of that paper in evidence, as incompetent, irrelevant and immaterial; but the objection was overruled and the defendant excepted.

We see no error in receiving the paper in evidence. It was part of the proceedings which took place before the re-appraisers, and appears to have been presented to them for the purpose of showing what rights the importers claimed, and especially their claim that the merchant appraiser was not qualified. It was objected to as a whole; and it was not put

in as evidence that the importers had the rights which they thus claimed, but merely to show that they had protested seasonably.

It is also assigned for error that the court ought to have directed the jury to find a verdict for the defendant. At the close of the plaintiffs' testimony, the defendant moved the court to direct such a verdict. But the court declined to do so. The defendant excepted, and then put in his evidence; and, at the close of the evidence on both sides, he renewed his motion for the direction of a verdict for him, on the ground that, on the whole evidence, the plaintiffs were not entitled to recover. That motion was denied, and the defendant excepted.

The bill of exceptions does not state that it contains the whole of the evidence. In denying the motion which was thus made at the close of the plaintiff's testimony, the court, having heard full argument on the point on both sides, referred to a circular from the Secretary of the Treasury, which had been read in evidence and is set forth at length in the bill of exceptions, dated June 9, 1885, and being No. 6957, on the subject of the re-appraisement of merchandise, and directed to the general appraiser at New York City, and the material parts of which are set forth at length on pages 316, 317 and 318 in the report of the case of *Auffmordt* v. *Hedden*, 137 U. S. 310. The court said, in its remarks denying the motion for a verdict for the defendant, that in conformity with the views of the Secretary, expressed in the circular, the re-appraisers were not a court to hear witnesses and counsel : that the importers would have a right, on the re-appraisement, to attend, to see that the re-appraisers had their goods and to call attention to any of the qualities of the goods; that the court expressed no opinion as to whether the importers would have the right to see such testimony in writing, applicable to the value of the goods, as the re-appraisers might take; that, on the testimony of the witness Barnett, the jury might think that the importers were cut off from a fair right to be there when their goods were examined (not when the re-appraisers were deliberating as to the value of the goods); and that the question of fact as to

whether, under that view, there had been a proper re-appraisement ought to go to the jury.

If the finding of the jury was against the weight of the evidence, the remedy was by a motion for a new trial, which does not appear to have been made; and this court cannot exercise a function which was that of the jury.

It appears by the record that the importers, in September, 1885, had protested to the collector, in the case of the Belgenland, against the employment of Mr. Roberts, the merchant appraiser, on the ground that he was not a discreet and experienced merchant, familiar with the character and value of the merchandise; that they made the protest before mentioned, in the case of the Normandie, against Mr. Booth, the merchant appraiser in that case; that Mr. Booth was a manufacturer of silk goods, at Paterson, New Jersey, of the same general description as those imported by the plaintiffs on the Normandie; that there was a competition between such goods as were imported by the plaintiffs by the Normandie, and those manufactured by Mr. Booth; that Mr. Roberts had expressed himself personally to Mr. Barnett, in conversation at different times, in language showing strong prejudice against importers generally of silk goods, and had specifically stated that he thought most of them were foreigners in league with foreigners on the other side for the receipts of merchandise at the port of New York at a price a great deal less than the goods were worth on the other side; that it could only be through a combination that they could get the goods in that way; and that he thought the whole thing was a fraud.

It does not appear by the bill of exceptions that the defendant excepted to any part of the charge of the court to the jury; but he presented to the court seventeen separate requests to charge the jury, in regard to which the bill of exceptions states that "the court declined to charge otherwise than as already charged, and denied each of such requests except as charged;" and that the defendant excepted to each of such rulings.

It is assigned for error that, under the charge and the rulings of the court, the jury was permitted improperly to find

that the re-appraisers did not act upon their own judgment, but were controlled by outside influences.

The eleventh request to charge was as follows : " That the statute empowers the Secretary of the Treasury to establish rules and regulations, not inconsistent with the laws of the United States, to secure a just, faithful and impartial appraisal of all merchandise imported into the United States." The court substantially so ruled in its remarks on the denial of the first motion to direct a verdict for the defendant; and it ruled nothing to the contrary in its charge to the jury. Judge Wheeler was the judge who afterwards ruled to the same effect in *Auffmordt* v. *Hedden,* which ruling was affirmed by this court in that case, in 137 U. S. 310. The judgment in the case of *Auffmordt* v. *Hedden* was entered in the Circuit Court in July, 1887. The present case was tried in December, 1886, and judgment was entered November 5, 1887. Our decision in *Auffmordt* v. *Hedden* was rendered December 8, 1890.

We see nothing in the conduct of the trial in the present case which is contrary to the rulings of this court in *Auffmordt* v. *Hedden.* The court, in its charge to the jury, sustained the instructions of the Secretary of the Treasury of June 9, 1885, and did not say anything to the contrary of what were afterwards the rulings of this court in *Auffmordt* v. *Hedden,* and said that the importers had no right to say that certain witnesses should be produced before the re-appraisers, and that, although the importers had the right to have a fair opportunity to show their goods and to make suggestions in regard to them, they had no right to be there to examine witnesses or to explore the sources of the information of the re-appraisers, or to have counsel there, as such, to cross-examine witnesses and argue the case. It also charged the jury that the re-appraisers had a right to read the regulations.

The general appraiser, Mr. Brower, and the merchant appraisers, Messrs. Booth and Roberts, were examined as witnesses at the trial. The instructions in the circular of June 9, 1885, appear to have been regarded by the re-appraisers as guiding instructions in principle. But the question submitted to,

and passed upon by the jury, and found in favor of the plaintiffs, was whether the re-appraisers "were controlled by some outside influence, so that they didn't act their own judgment."

*Judgment affirmed.*